**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WILLIAM GARDNER,

      Plaintiff,

v.                                   No. 1:25-cv-00421-SMD-SCY

NEW MEXICO BOARD OF DENTAL HEALTH, *et al.*,

      Defendants.

**<u>ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT</u>**

Plaintiff has filed three motions for default judgment against Defendants. The Court denies the three motions for the following reasons.

Plaintiff's first Motion seeks default judgment because Defendants failed to file an answer or other responsive pleading within "20 days" after being served with the summons and complaint. Motion for Default Judgment, Doc. 9, filed May 11, 2025 (stating that under New Mexico law, "a party has 20 days to file a written response"). Defendant New Mexico Department of Justice ("NMDOJ") states the 20-day deadline for responding is incorrect, NMDOJ timely removed this case 30 days from the service date, and NMDOJ timely filed its motion to dismiss within seven days after removal. *See* NMDOJ's Response, Doc. 11, filed May 22, 2025. Plaintiff did not file a reply disputing NMDOJ's assertion that it timely filed its responsive pleading. The New Mexico Board of Dental Health Defendants did not file a response to Plaintiff's first motion for default judgment but had previously filed a motion to dismiss Plaintiff's claims for insufficient service of process on the same day that NMDOJ filed its motion to dismiss. *See* Defendants New Mexico Board of Dental Health ("Board") and Individually-Named Defendants' Special Appearance Motion to Dismiss for Improper/Lack of Service, Doc. 6, filed May 9, 2025.

Plaintiff's second motion seeks default judgment because the Board did not timely file and serve its findings of fact, conclusions of law, and decision within 90 days of the Board's March 28, 2025, hearing as required by New Mexico law. *See* Motion for Default Judgment, Doc. 29, filed June 30, 2025. Rule 55 of the Federal Rules of Civil Procedure provides for default judgment when a party has failed to plead or otherwise defend a civil action in a United States District Court; it does not provide for default judgment for a state agency's failure to comply with state law. *See* Fed. R. Civ. P. 55.

Plaintiff electronically filed his "Supplement Motion for Default Judgment" and entered it on the docket as "Second Motion for Default Judgment as to Supplement to add." Supplement Motion for Default Judgment, Doc. 51, filed August 25, 2025. Plaintiff states he "is supplementing the record with invoking rules," cites a New Mexico rule regarding electronic service, states he has not given permission to file an answer via electronic means, and asks the Court to "accept the amendment invoking" the New Mexico rule and to grant his original motion for default judgment. NMDOJ contends Plaintiff's Supplement Motion for Default Judgment is frivolous because it relies on inapplicable state rules and that the Court should sanction Plaintiff pursuant to Rule 11 by awarding NMDOJ its attorney's costs and fees. *See* Response, Doc. 53, filed September 8, 2025. The Court declines to award NMDOJ its attorney's costs and fees because a "motion for sanctions must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2).

The Court denies Plaintiff's motions for default judgment because:

Default judgments are a harsh sanction. *M.E.N. Co. v. Control Fluidics, Inc.,* 834 F.2d 869, 872 (10th Cir.1987).

> [S]trong policies favor resolution of disputes on their merits: "[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection."

*H.F. Livermore,* 432 F.2d at 691, *quoted in Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1444 (10th Cir.1983).

> We do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error. However, a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard.

*Cessna Fin. Corp.,* 715 F.2d at 1444-45 (citations omitted); *see also Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir.1970).

*In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991). Plaintiff filed his original Complaint in state court on March 31, 2025. *See* Doc. 1-1. The New Mexico Board of Dental Health Defendants and Defendant NMDOJ filed motions to dismiss on May 9, 2025. *See* Doc's 6 and 8. Defendants were not "essentially nonresponsive" and have not caused Plaintiff to be faced with "interminable delay."

Finally, none of the three motions for default judgment include a recitation of a good-faith request for concurrence as required by the Court's Local Rules of Civil Procedure. *See* D.N.M.LR-Civ. 7.1(a) ("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied").

**IT IS ORDERED** that the following motions are **DENIED**:

(i)     Plaintiff's Motion for Default Judgment, Doc. 9, filed May 11, 2025;

(ii)    Plaintiff's Motion for Default Judgment, Doc. 29, filed June 30, 2025; and

(iii)   Plaintiff's Supplement Motion for Default Judgment, Doc. 51, filed August 25, 2025.

_____
**UNITED STATES DISTRICT JUDGE**

3