**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WILLIAM GARDNER,

      Plaintiff,

v.                                                                    No. 1:25-cv-00421-SMD-SCY

NEW MEXICO BOARD OF DENTAL HEALTH, *et al.*,

      Defendants.

<u>**ORDER DENYING MOTION TO AMEND COMPLAINT**</u>
<u>**AND STRIKING AMENDED COMPLAINT**</u>

Plaintiff asks the Court for permission to amend his Complaint. *See* Motion for Leave to Amend Complaint, Doc. 25, filed June 12, 2025 ("Motion"). Plaintiff states that during a hearing on June 11, 2025, Plaintiff asked United States Magistrate Judge Steven C. Yarbrough for permission to amend the Complaint and Judge Yarbrough responded that Plaintiff must file a motion. Motion at 1. Plaintiff also states that at that hearing counsel for Defendant Daniel Rubin, an attorney with Defendant New Mexico Department of Justice ("NMDOJ"), "does not object to filing of this amendment." Motion at 1.

Counsel for NMDOJ, who is also counsel for Defendant Rubin, filed a response stating that Plaintiff has not requested the position of NMDOJ as to whether it would oppose a motion to amend. *See* Response at 1, Doc. 26, filed June 13, 2025 (stating that Defendant Rubin has challenged the sufficiency of service in this case). NMDOJ opposes Plaintiff's Motion to amend because Plaintiff did not attach a proposed amended complaint to the Motion as required by Local Rule of Civil Procedure 5.1 and "NMDOJ cannot analyze the proposed amendments to determine whether the request to amend is futile, the claims are time-barred, or even whether NMDOJ may not oppose an amended complaint." Response at 2.

The Court denies Plaintiff's Motion for leave to file an amended complaint without prejudice because Plaintiff did not attach the proposed amended complaint to the Motion. *See* D.N.M.LR-Civ. 15.1 ("A proposed amendment to a pleading must accompany the motion to amend").

Plaintiff filed an Amended Complaint on June 25, 2025. *See* Plaintiff's Amended Complaint for Violations of the New Mexico Civil Rights Act, 1983 Claims, Prima Facie Tortious Claim of Civil Aiding, Abetting, Civil Conspiracy, Spoilation [sic] of Evidence for Damages and Injunctive Relief, Doc. 28.

The federal rule governing amended pleadings provides:

*(1) Amending as a Matter of Course.* A party may amend its pleading once as a matter of course no later than:

**(A)** 21 days after serving it, or

**(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Because Defendants filed motions to dismiss on May 9, 2025, Plaintiff was allowed to amend as a matter of course until May 30, 2025. Consequently, Plaintiff may amend his Complaint only with the opposing parties' written consent or the Court's leave. Plaintiff did not demonstrate that he obtained the opposing parties' written consent. Plaintiff thus may only amend his Complaint with the Court's leave. The Court's Local Rules of Civil Procedure require that a proposed amended complaint "must accompany the motion to amend." D.N.M.LR-Civ. 15.1. The Court strikes Plaintiff's Amended Complaint because the Court has denied Plaintiff's motion to amend based on Plaintiff's failure to attach a proposed amended complaint to his motion to amend. *See Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) ("a [c]ourt may

choose to strike a filing that is not allowed by local rule ....' *Id.* (quotations omitted); *see Bustillo v. Hawk*, 44 F. App'x 396, 400-01 (10th Cir. 2002) (unpublished) (upholding district court's decision to strike filing based on local rules); *In re Hopkins*, No. 98-1186, 1998 WL 704710, at *3 n.6 (10th Cir. Oct. 5, 1998) (unpublished) (noting 'it was well within the discretion of the district court to strike' briefs that did not comply with local rules").

**IT IS ORDERED** that:

(i)     Plaintiff's Motion for Leave to Amend Complaint, Doc. 25, filed June 12, 2025, is **DENIED without prejudice.**

(ii)    The Court **STRIKES** Plaintiff's Amended Complaint for Violations of the New Mexico Civil Rights Act, 1983 Claims, Prima Facie Tortious Claim of Civil Aiding, Abetting, Civil Conspiracy, Spoilation [sic] of Evidence for Damages and Injunctive Relief, Doc. 28, filed June 25, 2025.

_____
**UNITED STATES DISTRICT JUDGE**

3