## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER,

      Plaintiff,

v.                                        No. 1:25-cv-00421-SMD-SCY

NEW MEXICO BOARD OF DENTAL HEALTH, *et al.*,

      Defendants.

## ORDER DENYING MOTIONS TO STRIKE

There are three motions to strike before the Court. *See* Plaintiff's Motion to Strike, Doc. 35, filed July 13, 2025 ("Plaintiff's Motion"); Defendant New Mexico Department of Justice's Motion to Strike Improper Filings, Doc. 38, filed July 15, 2025 ("NMDOJ's Motion"); Plaintiff's Second Motion to Strike, Doc. 54, filed September 10, 2025.

> "[D]istrict courts are afforded great discretion regarding control of the docket and parties." *United States v. Orozco*, 916 F.3d 919, 925 (10th Cir. 2019) (quotations omitted). Federal Rule of Civil Procedure 12(f) governs what a "court may strike from a pleading." *Ysais v. N.M. Judicial Standard Com'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009) (quotations omitted); *see* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter ... on its own."). "Generally, ... motions, briefs, and memoranda may not be attacked by a motion to strike." *Ysais*, 616 F. Supp. 2d at 1184.

> "The exception to this principle is that a [c]ourt may choose to strike a filing that is not allowed by local rule ...." *Id.* (quotations omitted); *see Bustillo v. Hawk*, 44 F. App'x 396, 400-01 (10th Cir. 2002) (unpublished) (upholding district court's decision to strike filing based on local rules); *In re Hopkins*, No. 98-1186, 1998 WL 704710, at *3 n.6 (10th Cir. Oct. 5, 1998) (unpublished) (noting "it was well within the discretion of the district court to strike" briefs that did not comply with local rules).

> When courts strike a filing as improperly filed, it becomes "a nullity." *Synnestvedt v. Astrue*, No. 09-443, 2010 WL 125649, *1 n.3 (W.D. Okla. Jan. 7, 2010); *see Habyawmana v. Kagame*, No. 10-437, 2011 WL 13113322, *1 n.1 (W.D. Okla. 2011) (noting an "improperly filed" motion "is, therefore, treated as a legal nullity").

*Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) (footnote omitted).

Plaintiff's Motion to Strike does not expressly identify the document that Plaintiff asks the Court to strike but it appears that the Motion is directed towards the New Mexico Board of Dental Health Defendants' Motion to Dismiss, Doc. 6, filed May 9, 2025.  Plaintiff states:

> The Defendant's first motion to dismiss is concerning improper/lack of service only to the NM board of Dental Health Defendants. Plaintiff asserts he has timely responded to the Defendant's motion to dismiss due to lack of service . . . this motion to Strike should GRANTED as the issue concerning the lack of Service has been cured and should be stricken from any hearing as the Plaintiff has effectuated service to the Defendants with a summons and the original complaint.

[sic] Plaintiff's Motion at 1-2.  Plaintiff's Second Motion to Strike is essentially identical to his first Motion to Strike.

The Court denies Plaintiff's Motions to Strike because "[g]enerally, ... motions, briefs, and memoranda may not be attacked by a motion to strike" and Plaintiff has not cited any legal authority supporting his motion to strike the New Mexico Dental Board Defendants' motion to dismiss.  *Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020); D.N.M.LR-Civ. 7.3(a) ("A motion … must cite authority in support of the legal positions advanced").

The NMDOJ seeks to strike:

(i)     Plaintiff's Amended Complaint, Doc. 28, filed June 25, 2025, because Plaintiff "has not obtained leave to file it and, without leave, it is impertinent and immaterial and creates confusion of the record."  NMDOJ's Motion at 3.

(ii)    Plaintiff's [Notice of] Completion of Briefing on Plaintiff's Default Motion, Doc. 34, filed July 13, 2025, because "its only substance consists of easily disproved misrepresentation."  NMDOJ's Motion at 4.

(iii)   Plaintiff's Motion to Strike, Doc. 35, filed July 13, 2025, because it "is, in substance, an improperly filed Sur-Reply, and should be stricken as it only provides immaterial and impertinent information."  NMDOJ's Motion at 5.

(iv)   Plaintiff's Notice of Completion of Briefing Clarification, Doc. 36, filed July 14, 2025, because "it provides misrepresentations to the Court that confuse the issues and are immaterial and impertinent to the matter."  NMDOJ's Motion at 6.

The Court denies NMDOJ's Motion to strike Plaintiff's Amended Complaint because the Court is addressing the Amended Complaint in a separate Order.  The Court denies NMDOJ's Motion to strike Plaintiff's first motion to strike because the Court is denying Plaintiff's first motion to strike for the reasons stated above and because motions generally may not be attacked by a motion to strike.  *See Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020).  The Court denies NMDOJ's Motion to strike Plaintiff's two Notices of Completion of Briefing because briefs and memoranda generally may not be attacked by a motion to strike.  *See id.*

**IT IS ORDERED** that:

(i)   Plaintiff's Motion to Strike, Doc. 35, filed July 13, 2025, is **DENIED.**

(ii)   Plaintiff's Second Motion to Strike, Doc. 54, filed September 10, 2025, is **DENIED.**

(iii)   Defendant New Mexico Department of Justice's Motion to Strike Improper Filings, Doc. 38, filed July 15, 2025, is **DENIED.**

_____

**UNITED STATES DISTRICT JUDGE**

3