**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WILLIAM GARDNER,

      Plaintiff,

v.                                          No. 1:25-cv-00421-SMD-SCY

NEW MEXICO BOARD OF DENTAL HEALTH as a public body
Individually in their Government official-capacities
      JENNIFER THOMPSON,
      MELISSA BARBARA,
      PAULA JENKINS,
      VALOREE ALTHOFF,
      MAYA MASCARENAZ,
      JEFFERY WEATON,
      HOLLY BEAUMONT,
      KEVIN MCMAHON,
NEW MEXICO DEPARTMENT OF JUSTICE as a public body,
      DANIEL RUBIN in his official capacity,

      Defendants.

**ORDER GRANTING DEFENDANT NEW MEXICO DEPARTMENT OF JUSTICE'S MOTION TO DISMISS**

This case arises from proceedings before the New Mexico Board of Dental Health ("Board") regarding Plaintiff's application to have his dental license reinstated. *See* Verified Complaint for Violations of the New Mexico Civil Rights Act, Prima Facie Tortious Claim of Civil Aiding, Abetting, Civil Conspiracy, a 1983 Claim for Damages and Injunctive Relief, Doc. 1-1, filed May 2, 2025, in this Court after removal from state court (filed in state court on March 31, 2025) ("Complaint"). Defendants include the Board, individual members of the Board, the New Mexico Department of Justice ("NMDOJ") and Daniel Rubin, a NMDOJ employee.

Plaintiff asserts claims for violations of his due process rights under the New Mexico Constitution pursuant to the New Mexico Civil Rights Act, for violations of his due process rights under the United States Constitution pursuant to 42 U.S.C. § 1983, and for civil conspiracy. *See*

Complaint at 1.  Plaintiff seeks monetary damages, immediate reinstatement of his dental license and a permanent injunction "prohibiting Defendants from undertaking any future meetings or hearings unlawful actions against [Plaintiff] to the detriment of his Constitutional right to procedural and substantive due process."  Complaint at 13.

NMDOJ seeks dismissal with prejudice of: (i) Plaintiff's due process claims pursuant to 42 U.S.C. § 1983 for failure to state a *Monell* claim because there are "no[] allegations that NMDOJ promulgated some policy or practice that was the driving force behind the asserted constitutional violations;" and (ii) Plaintiff's due process claims pursuant to the New Mexico Civil Rights Act because NMDOJ's attorney that participated in the Board hearings is entitled to prosecutorial and absolute immunity.  Defendant New Mexico Department of Justice's Motion to Dismiss at 8-10, Doc. 8, filed May 9, 2025 ("Motion").

Plaintiff did not file a timely response to the Motion.  *See* Notice of Completion of Briefing, Doc. 16, filed June 3, 2025.  United States Magistrate Judge Steven C. Yarbrough granted Plaintiff an extension of time to June 25, 2025, to file a response to NMDOJ's Motion.  *See* Order, Doc. 24, filed June 12, 2025.  NMDOJ filed an Amended Notice of Completion of Briefing stating Plaintiff failed to file a response by the extended deadline.  *See* Doc. 32, filed July 8, 2025.  Plaintiff subsequently filed a Notice clarifying that "he DID respond on several occasions" citing Doc's 25-28.  *See* Doc. 36, filed July 14, 2025 (emphasis in original).  Document 25 is Plaintiff's motion for leave to file an amended complaint.   Document 26 is NMDOJ's response to Plaintiff's motion for leave to file an amended complaint.  Document 27 is a response to the Board's motion to dismiss and is not a response to the NMDOJ's Motion to Dismiss.  *See* Doc. 27 at 3, filed June 24, 2025 (stating "The Plaintiff respectfully requests that the Dental Board['s] motion to dismiss the case be DENIED as proper service was effectuated as a motion to strike will follow for the same reasons") (emphasis in original).  Document 28 is Plaintiff's improperly filed Amended Complaint.

2

**Claims Pursuant to 42 U.S.C. § 1983**

NMDOJ argues that Plaintiff fails to state a claim against NMDOJ pursuant to 42 U.S.C. § 1983 because there are "no factual allegations specifically lodged against NMDOJ." Motion at 7. NMDOJ also argues that Plaintiff fails to state a Section 1983 claim against NMDOJ based on the actions of NMDOJ employee Defendant Daniel Rubin because there are "no[] allegations that NMDOJ promulgated some policy or practice that was the driving force behind the asserted constitutional violation." Motion at 8.

The Court does not address NMDOJ's arguments regarding Plaintiff's failure to state a Section 1983 claim because the Court concludes it does not have jurisdiction over Plaintiff's Section 1983 claim against NMDOJ. *See Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck* v. *United Servs*. *Auto*. *Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988).

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

> Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:
>
> > First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the

3

> complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted and altered).

*Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015).

The Complaint fails to show that the Court has jurisdiction over Plaintiff's Section 1983 claims against NMDOJ because there are no factual allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply to Plaintiff's claims against the State of New Mexico.

The first exception, consent to suit, does not apply.   Plaintiff alleges that the New Mexico Civil Rights Act prohibits "sovereign immunity as a defense or bar to an action."  Complaint at 5. The New Mexico Civil Rights Act provides:

> A person who claims to have suffered a deprivation of any rights, privileges or immunities *pursuant to the bill of rights of the constitution of New Mexico* due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body may maintain an action to establish liability and recover actual damages and equitable or injunctive relief in any New Mexico district court.

N.M.S.A. § 41-4A-3(B) (emphasis added), and:

> The state shall not have sovereign immunity for itself or any public body within the state *for claims brought pursuant to the New Mexico Civil Rights Act*, and the public body or person acting on behalf of, under color of or within the course and scope of the authority of the public body provided pursuant to the New Mexico Civil Rights Act shall not assert sovereign immunity as a defense or bar to an action.

N.M.S.A. § 41-4A-9 (emphasis added).   The New Mexico Civil Rights Act waives sovereign immunity only for claims for deprivations of rights pursuant to the New Mexico Constitution; it does not waive sovereign immunity for claims for deprivations of rights pursuant to the United States Constitution.

The second exception, abrogation of sovereign immunity by Congress, does not apply because "the United States Supreme Court has previously held that Congress did not abrogate

4

states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)).

The third exception, bringing suit pursuant to *Ex parte Young*, does not apply to: (i) Defendant NMDOJ as a public body because it is an arm of the State of New Mexico; or (ii) NMDOJ employee Daniel Rubin in his official capacity because there are no allegations in the Complaint of an ongoing violation of federal law. *See Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012) (for the *Ex parte Young* exception to state sovereign immunity to apply, a plaintiff must show that he is: "(1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief").

The Court dismisses Plaintiff's Section 1983 claims against NMDOJ without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**Claims Pursuant to the New Mexico Civil Rights Act**

Plaintiff asserts claims against NMDOJ pursuant to the New Mexico Civil Rights Act based on the actions of NMDOJ employee Defendant Daniel Rubin. NMDOJ states it is entitled to immunity for the claims to the extent they are based on Defendant Rubin's action because Defendant Rubin is entitled to prosecutorial immunity and absolute immunity. *See* Motion at 9. NMDOJ asserts that the New Mexico Civil Rights Act, "while prohibiting qualified immunity arguments, has specifically preserved all other immunities, which would include the absolute prosecutorial immunity." Motion at 9; N.M.S.A. § 41-4A-10 ("The prohibition on the use of the

defense of qualified immunity pursuant to Section 4 [41-4A-NMSA 1978] of the New Mexico Civil Rights Act and the waiver of sovereign immunity pursuant to Section 9 [41-4A-9 NMSA 1978] of that act shall not abrogate judicial immunity, legislative immunity or any other constitutional, statutory or common law immunity").

The Court dismisses Plaintiff's claims pursuant to the New Mexico Civil Rights Act and for civil conspiracy. Plaintiff alleges that Defendant Rubin "acted as the administrative prosecutor and conspired to control the entire [Board hearing] process" and "acted as the prosecutor and the attorney for the Board." Complaint at ¶¶ 79, 91. "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Chilcoat v. San Juan County*, 41 F.4th 1196, 1209 (10th Cir. 2022) (quoting *Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1164 (10th Cir. 2009)).

**IT IS ORDERED** that Defendant New Mexico Department of Justice's Motion to Dismiss, Doc. 8, filed May 9, 2025, is **GRANTED in part**[1] as follows: (i) Plaintiff's claims against NMDOJ pursuant to 42 U.S.C. § 1983 are **DISMISSED without prejudice** for lack of jurisdiction; (ii) Plaintiff's claims against NMDOJ pursuant to the New Mexico Civil Rights Act and for civil conspiracy are **DISMISSED with prejudice.**

**UNITED STATES DISTRICT JUDGE**

---

[1] NMDOJ sought dismissal of all claims with prejudice. *See* Motion at 3, 15.