**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WILLIAM GARDNER,

     Plaintiff,

v.                                     No. 1:25-cv-00421-SMD-SCY

NEW MEXICO BOARD OF DENTAL HEALTH as a public body
Individually in their Government official-capacities
     JENNIFER THOMPSON,
     MELISSA BARBARA,
     PAULA JENKINS,
     VALOREE ALTHOFF,
     MAYA MASCARENAZ,
     JEFFERY WEATON,
     HOLLY BEAUMONT,
     KEVIN MCMAHON,
NEW MEXICO DEPARTMENT OF JUSTICE as a public body,
     DANIEL RUBIN in his official capacity,

     Defendants.

**ORDER DENYING WITHOUT PREJUDICE**
**MOTION TO DISMISS FOR IMPROPER/LACK OF SERVICE AND NOTICE**

This case arises from proceedings before the New Mexico Board of Dental Health ("Board") regarding Plaintiff's application to have his dental license reinstated. *See* Verified Complaint for Violations of the New Mexico Civil Rights Act, Prima Facie Tortious Claim of Civil Aiding, Abetting, Civil Conspiracy, a 1983 Claim for Damages and Injunctive Relief, Doc. 1-1, filed May 2, 2025 ("Complaint"). Plaintiff filed his Complaint in state court on March 31, 2025. *See* Complaint at 1. ("Complaint"). Defendant New Mexico Department of Justice ("NMDOJ") removed the case to this Court on May 2, 2025. *See* Notice of Removal, Doc. 1.

The remaining Defendants, the Board, individual members of the Board, and Daniel Rubin, a NMDOJ employee ("remaining Defendants") have filed a Motion to dismiss for insufficient service. *See* Defendants New Mexico Board of Dental Health and Individually-Named

Defendants' Special Appearance Motion to Dismiss for Improper/Lack of Service, Doc. 6, filed May 9, 2025 ("Motion").[1]

After briefing on the Motion was completed, Plaintiff filed several documents relating to service. *See* Proof of Service, Doc. 33, filed July 11, 2025; Proof of Service, Doc. 41, filed July 23, 2025; Affidavit of Service, Doc. 42, filed July 25, 2025; Affidavit of Service, Doc. 43, filed July 25, 2025; Affidavit of Service, Doc. 44, filed July 25, 2025; Subpoena, Doc. 46, filed August 6, 2025; Affidavit of Service, Doc. 47, filed August 6, 2025. It appears that Plaintiff may have not timely served some of the Defendants. The rule governing service states in part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiff filed his Complaint in state court on March 31, 2025, resulting in a 90-deadline for service of June 30, 2025. Some of the documents indicate some Defendants were served after June 30, 2025. *See* Document 42 (Defendant Althoff served on July 23, 2025); Doc. 43 (Defendant Weaton served on July 22, 2025); Doc. 47 (Defendant Thompson served on August 5, 2025).

The Court declines to address *sua sponte* the post-briefing documents regarding service and directs the parties to provide revised briefs. *See, for example, Alejandre-Gallegos v. Holder*,

---

[1] On March 29, 2026, the Court entered Orders granting NMDOJ's motion to dismiss, denying Plaintiff's motion to file an amended complaint and striking Plaintiff's improperly filed amended complaint, and denying Plaintiff's and NMDOJ's motions to strike. *See* Doc's 74-76. Plaintiff appealed those orders. *See* Notice of Appeal, Doc. 77, filed March 29, 2026. The Court concludes it has jurisdiction to address the remaining Defendants' Motion to dismiss for insufficient service because the Orders Plaintiff is appealing from do not address sufficiency of service on the remaining Defendants. *See CGC Holding Co., LLC v. Hutchens*, 780 Fed.Appx. 604, 606 (10th Cir. 2019) ("the district court loses jurisdiction only 'over those aspects of the case involved in the appeal,' and so it 'may address matters that are not comprehended within the appeal'") (quoting *United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011)).

598 Fed.Appx. 604, 605 (10th Cir. 2015) ("In our adversarial system, neutral and busy courts rely on lawyers to develop and present in an intelligible format the facts and law to support their arguments and the adversarial process cannot properly function when one party ignores its obligations under the rules").

The Court denies the remaining Defendants' Motion without prejudice, orders the remaining Defendants to file a revised motion to dismiss for insufficient service that addresses the post-briefing documents regarding service, and allows the remaining Defendants' attorneys to appear in a limited matter regarding sufficiency of service.  *See* D.N.M.LR-Civ. 83.4(c) ("An attorney may not appear in a limited manner as provided in N.M.R. Prof'l Conduct 16-303(E) except by Court order").

**Notice**

The Court notifies Plaintiff, who initially failed to file a timely response to Defendants' Motion,[2] that:

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff

---

[2] *See* United States Magistrate Judge Steven C. Yarbrough's Order, Doc. 24, filed June 12, 2025 (granting Plaintiff an extension of time to file a response to Defendants' Motion).

fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that Defendants New Mexico Board of Dental Health and Individually-Named Defendants' Special Appearance Motion to Dismiss for Improper/Lack of Service, Doc. 6, filed May 9, 2025, is **DENIED without prejudice.** The remaining Defendants shall, within 21 days of entry of this Order, file a revised motion to dismiss. Plaintiff's response is due within 14 days of service of the revised motion to dismiss. The remaining Defendants' reply is due within 14 days of service of the response.

**UNITED STATES DISTRICT JUDGE**

4