**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WILLIAM GARDNER,

      Plaintiff,

v.                                                                           No. 1:25-cv-00421-SMD-SCY

NEW MEXICO BOARD OF DENTAL HEALTH as a public body
Individually in their Government official-capacities
      JENNIFER THOMPSON,
      MELISSA BARBARA,
      PAULA JENKINS,
      VALOREE ALTHOFF,
      MAYA MASCARENAZ,
      JEFFERY WEATON,
      HOLLY BEAUMONT,
      KEVIN MCMAHON,
NEW MEXICO DEPARTMENT OF JUSTICE as a public body,
      DANIEL RUBIN in his official capacity,

      Defendants.

**<u>ORDER DENYING MOTION FOR CHANGE OF VENUE</u>**

This case arises from proceedings before the New Mexico Board of Dental Health ("Board") regarding Plaintiff's application to have his dental license reinstated. *See* Verified Complaint for Violations of the New Mexico Civil Rights Act, Prima Facie Tortious Claim of Civil Aiding, Abetting, Civil Conspiracy, a 1983 Claim for Damages and Injunctive Relief, Doc. 1-1, filed May 2, 2025 ("Complaint"). Plaintiff filed his Complaint in state court on March 31, 2025. *See* Complaint at 1. Defendant New Mexico Department of Justice ("NMDOJ") removed the case to this Court on May 2, 2025. *See* Notice of Removal, Doc. 1.

Plaintiff seeks a change of venue to the Las Cruces Division within this District pursuant to 28 U.S.C. § 1404(a). *See* Motion for Change of Venue, Doc. 63, filed December 3, 2025 ("Motion"). Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).   Plaintiff asserts two bases for transferring this case to the Las Cruces Division of this Court.

> First, Plaintiff asserts:

> There is bias or prejudice in the original court that would prevent a fair trial. . . this case has been pending since March of 2025, the Plaintiff is required to actively prosecute this case in accordance with federal rules of civil procedures, but has been blocked at every corner.  The Plaintiff has filed three motions for a pre-trial conference and recently as December 2nd, 2025 (DOC 61): The Plaintiff asserts the next day the Court denied his motion (DOC 62) a mandatory Rule 26f meet and confer.  The Plaintiff has reason to believe each and every day that passes he is being highly prejudiced as he has been denied justice for ten months.  As this court has had no substantive rulings and is in its beginning state the change of venue is proper.

Motion at 2-3.

Second, Plaintiff asserts "he has requested a jury trial and potential jurors may have connections to the Defendants in Albuquerque and Santa Fe.  A fundamental constitutional right in the United States is a fair trial by an impartial jury."  Motion at 3.

The Court denies Plaintiff's Motion because Plaintiff has not shown that it "is in the interest of justice" to transfer this action to the Las Cruces Division of this Court.  Plaintiff has not shown that there is "bias or prejudice" in the Albuquerque Division of this Court.   United States Magistrate Judge Steven C. Yarbrough denied Plaintiff's motions for pretrial conferences after finding good cause to delay entry of the orders pending resolution of the then-pending dispositive motions: two motions to dismiss filed by Defendants and three motions for default judgment and a motion to amend filed by Plaintiff.  *See* Order, Doc. 62, filed December 3, 2025; Order, Doc. 60, filed October 31, 2025; Order, Doc. 56, filed September 23, 2025; *see also* Fed. R. Civ. P. 16(b)(2) ("The judge must issue the scheduling order as soon as practicable, but *unless the judge finds good cause for delay*, the judge must issue it within the earlier of 90 days after any defendant has been

2

served with the complaint or 60 days after any defendant has appeared") (emphasis added). Plaintiff did not file objections to Judge Yarbrough's Orders. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order [deciding a non-dispositive pretrial matter] within 14 days after being served with a copy"). Plaintiff's concern about potential jurors in Albuquerque having connections to the Defendants in Albuquerque and Santa Fe is not persuasive because, if this case proceeds to trial, Plaintiff will have an opportunity before the trial to examine the potential jurors regarding their impartiality.

Furthermore, the Court has not yet determined whether it has personal jurisdiction over the 10 Defendants remaining in this case. *See* Order, Doc. 79, filed March 30, 2026 (ordering revised briefs regarding the remaining Defendants' motion to dismiss for insufficient service); Order, Doc. 76, filed March 29, 2026 (granting NMDOJ's motion to dismiss for failure to state a claim). The Court will not make a final determination of venue for the trial in this case without giving the remaining Defendants over which the Court determines it has personal jurisdiction, if any, an opportunity to be heard. *See, for example, Hustler Magazine, Inc. v. U.S. District Court for Dist. Of Wyoming*, 790 F.2d 69, 71 (10th Cir. 1986) (stating "When a motion for change of venue is filed pursuant to § 1404(a), the trial court is called upon to carefully weigh the competing equities relied upon by the parties for changing the place of trial;" concluding that refusal to give defendants fair opportunity to establish that interests of justice and convenience of parties and witnesses mandated change of venue was an abuse of discretion).

Finally, if Plaintiff is concerned about United States Judges in Albuquerque or Santa Fe presiding over this case due to their proximity to the locations where the events giving rise to this case occurred, which include state court proceedings in Santa Fe, the undersigned, who will preside over any trial in this case, sits in Las Cruces. *See* Complaint at 5-6, Doc. 1-1, filed in First Judicial District Court, Santa Fe (referencing *Gardner v. New Mexico Board of Dental Healthcare*, No. D-

101-CV-2023-2740, filed in First Judicial District Court, Santa Fe; *Gardner v. New Mexico Board of Dental Healthcare*, No. D-101-CV-2023-01228, filed in First Judicial District Court, Santa Fe). The undersigned will also address any objections Plaintiff may have to any orders issued by a United States Magistrate Judge regarding non-dispositive pretrial matters. *See* Fed. R. Civ. P. 72(a).

      **IT IS ORDERED** that Plaintiff's Motion for Change of Venue, Doc. 63, filed December 3, 2025, is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**