**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WILLIAM GARDNER,

      Plaintiff,

v.                                                                          No. 1:25-cv-00421-SMD-SCY

NEW MEXICO BOARD OF DENTAL HEALTH as a public body
Individually in their Government official-capacities
      JENNIFER THOMPSON,
      MELISSA BARBARA,
      PAULA JENKINS,
      VALOREE ALTHOFF,
      MAYA MASCARENAZ,
      JEFFERY WEATON,
      HOLLY BEAUMONT,
      KEVIN MCMAHON,
NEW MEXICO DEPARTMENT OF JUSTICE as a public body,
      DANIEL RUBIN in his official capacity,

      Defendants.

**ORDER GRANTING MOTION TO WITHDRAW REPLY**

This case arises from proceedings before the New Mexico Board of Dental Health ("Board") regarding Plaintiff's application to have his dental license reinstated. *See* Verified Complaint for Violations of the New Mexico Civil Rights Act, Prima Facie Tortious Claim of Civil Aiding, Abetting, Civil Conspiracy, a 1983 Claim for Damages and Injunctive Relief, Doc. 1-1, filed May 2, 2025 ("Complaint"). Plaintiff seeks, among other things, "immediate reinstatement" of his dental license. Complaint at 13.

Plaintiff filed an Emergency Petition, now before the Court, seeking a writ of mandamus, a temporary restraining order and a preliminary injunction to compel Defendants to immediately process Plaintiff's application for reinstatement of his dental license. *See* Emergency Petition for Writ of Mandamus and Application for Temporary Restraining Order and Preliminary Injunction Pursuant to 42 U.S.C. § 1983 at 17, Doc. 66, filed February 6, 2026 ("Motion Seeking Injunctive

Relief"). After he filed his Reply to the New Mexico Department of Justice's Response, Plaintiff filed a Notice withdrawing his Reply stating he seeks only to correct or replace four citations and does not seek to make any other alterations. *See* Notice of Withdrawal of Reply in Support of Verified Emergency Petition for Writ of Mandamus, Doc. 70, filed February 27, 2026 ("Motion to Withdraw Reply"); D.N.M.LR-Civ. 7.7 ("A party may withdraw a document from consideration by the Court by filing and serving a notice of withdrawal which specifically identifies the document being withdrawn. Withdrawal requires consent of all other parties or approval of the Court").

Plaintiff subsequently appealed several of the Court's Orders. *See* Notice of Appeal, Doc. 77, filed March 29, 2026 (appealing: (i) Doc. 72, denying Plaintiff's motion to consolidate this case with another case involving the same questions of law and facts; (ii) Doc. 73, denying Plaintiff's three motions for default judgment; (iii) Doc. 74, denying without prejudice Plaintiff's motion to file an amended complaint and striking Plaintiff's improperly filed amended complaint; (iv) Doc. 75, denying Plaintiff's motions to certain Defendants' motion to dismiss for insufficient service; and (v) Doc. 76, granting Defendant New Mexico Department of Justice's motion to dismiss).

> "[T]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011) (internal quotation marks omitted). But "an effective notice of appeal does not prohibit all later action in the case by the district court." *Id*. As noted, the district court loses jurisdiction only "over those aspects of the case involved in the appeal," and so it "may address matters that are not comprehended within the appeal." *Id*. at 1226-27 (brackets and internal quotation marks omitted); *see also Garcia v. Burlington N. R.R. Co*., 818 F.2d 713, 721 (10th Cir. 1987) ("In collateral matters not involved in the appeal ... the district court retains jurisdiction.").

*CGC Holding Co., LLC, v. Hutchens*, 780 Fed.Appx. 604, 606 (10th Cir. 2019).

The Court concludes that it has jurisdiction over Plaintiff's Motion to Withdraw Reply which seeks only to correct or replace four citations and thus is a collateral matter not involved in Plaintiff's appeal. The Court grants Plaintiff's Motion to Withdraw Reply.

The Court concludes it does not have jurisdiction to rule on Plaintiff's Motion for Injunctive Relief because it addresses aspects of this case involved in Plaintiff's appeal. The Court defers ruling on Plaintiff's Motion for Injunctive Relief until after the United States Court of Appeals for the Tenth Circuit addresses Plaintiff's appeal and transfers jurisdiction to this Court.

**IT IS ORDERED** that Plaintiff's Notice of Withdrawal of Reply in Support of Verified Emergency Petition for Writ of Mandamus, Doc. 70, filed February 27, 2026, is **GRANTED.**

**UNITED STATES DISTRICT JUDGE**

3